IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TRIUMPH ACTUATION SYSTEMS,      )
LLC, f/k/a FRISBY AEROSPACE,    )
                                )
                Plaintiff,      )
                                )
     v.                         )    1:11CV79
                                )
EATON CORPORATION,              )
AEROQUIP-VICKERS, INC.,         )
EATON HYDRAULICS, INC.,         )
and EATON AEROSPACE, LLC,       )
                                )
                Defendants.     )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is presently before the court on a Motion to Dismiss Defendants' Counterclaims (Doc. 21) filed by Plaintiff Triumph Actuation Systems, LLC, otherwise known as Frisby Aerospace ("Plaintiff" or "Frisby"). Defendants Eaton Corporation, Aeroquip-Vickers, Inc., Eaton Hydraulics, Inc., and Eaton Aerospace, LLC (collectively, "Defendants" or "Eaton") have responded (Doc. 26) and Plaintiff has replied (Doc. 27). The motion is now ripe for consideration. Having evaluated the filings submitted by both parties, this court finds that the Motion to Dismiss should be granted.

I.  **FACTUAL BACKGROUND**

This court summarizes the factual background of this case as follows:

In 2004, Eaton filed a complaint in Mississippi State Court (Hinds County) based on the same factual transaction at issue in the instant counterclaims; namely, Frisby's hiring of six former Eaton engineers: James N. Ward, Rodney L. Case, Kevin E. Clark, Michael K. Fulton, Douglas E. Murphy, and Billy D. Grayson. (Pl.'s Mem. in Supp. of Mot. to Dismiss Defs.' Countercls. ("Pl.'s Mem."), Ex. A, Complaint (Doc. 22-1).) That complaint was founded primarily on the allegation that the listed six engineers took proprietary information pertaining to technical engineering design upon their departure from Eaton. (Id. ¶¶ 70-80) The state court suit went on to allege that the engineers used this information at Frisby, a direct competitor of Eaton. (Id. ¶¶ 81-87) Eaton sought relief on claims of breach/tortious breach of contract, breach of fiduciary duties, tortious interference with contract rights and prospective business advantage, fraud, conspiracy, conversion, and violations of the Mississippi Uniform Trade Secrets Act. (Id. at 44-51.)[1] In that

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

case, the defendants filed counterclaims including abuse of process, tortious interference with existing and prospective contracts and business relationships, unfair competition, and defamation. (Defs.' Resp. to Mot. to Dismiss Countercls. ("Defs.' Resp."), Ex. 1 (Doc. 26-1).)

The Mississippi state litigation was originally before then-Hinds County Circuit Judge Bobby DeLaughter. (Pl.'s Mem., Ex. E, Rulings of the Court (Doc. 22-5) at 4.) Judge DeLaughter resigned from his position as Circuit Judge in part due to alleged improper conduct substantially intertwined with the litigation between Eaton and Frisby. (Id. at 4-6) Such alleged conduct included inappropriate ex-parte communications with the plaintiffs (Eaton) in the Mississippi litigation. (Id. at 5) Following Judge DeLaughter's resignation, the state action between Eaton and Frisby was before Judge W. Swan Yerger. (Id. at 4) Judge Yerger referred substantial portions of the case to a Special Master for review of Judge DeLaughter's orders in light of the allegations against him, as well as the Frisby defendants' motion to dismiss. (Id. at 5 & 7) The Special Master subsequently recommended that Judge Yerger grant the state court defendants' motion to dismiss. (Id. at 7) Judge Yerger agreed and dismissed the state court Eaton plaintiffs' claims with prejudice. His order was certified as a final

judgment.² (Id., Ex. F, Final Judgment of Dismissal with Prejudice (Doc. 22-6) at 2.)

Following Judge Yerger's ruling, Frisby Aerospace, LLC, now known as Triumph Actuation Systems, LLC; Triumph Group, Inc.; Frisby Aerospace, Inc., n/k/a Four Seventeen Aerospace, Inc., and Frisby Aerospace, Inc.; Jeffry D. Frisby; Kevin J. Clark; James N. Ward; Douglas J. Murphy; Michael K. Fulton; Rodney L. Case; and William D. Grayson (that is, the six engineers) filed a lawsuit in Mississippi state court (Hinds County) against Eaton Corporation; Aeroquip-Vickers, Inc.; Eaton Hydraulics, Inc., f/k/a Vickers, Inc.; and Eaton Aerospace, LLC. (Defs.' Resp., Ex. 3, Complaint (Doc. 26-3).) That complaint was filed under 42 U.S.C. § 1983 and was based on allegations that Eaton had conspired with Judge DeLaughter, a state actor, to deprive Frisby and the six engineers "of property without due process of law and [their] constitutional rights to a fair hearing and an impartial tribunal." (Id. ¶ 69.) The defendants in that suit (Eaton) filed counterclaims that are materially the same as those in the instant suit, enumerated below. That case was removed to federal court in the Southern District of Mississippi, where the district judge dismissed the

---

² The state court plaintiffs, Eaton, appealed Judge Yerger's ruling to the Mississippi Supreme Court where it is presently pending.

counterclaims under the doctrine of res judicata based on Judge Yerger's ruling. (Pl.'s Suggestion of Subsequently Decided Authority, Attach., Opinion and Order, 3:11-cv-110-WHB-FKB (Doc. 28-1) at 10.)

In the Complaint before this court, Plaintiff (Frisby) alleges violations of the Sherman Antitrust Act, namely 15 U.S.C. § 1, Unlawful Agreement in Restraint of Trade; 15 U.S.C. § 2, Scheme to Monopolize; and 15 U.S.C. § 2, Conspiracy to Monopolize. (Complaint (Doc. 1) at 57-62.) Defendants' (Eaton's) answer to the Complaint includes Counterclaims (Doc. 14) alleging violations of the Mississippi Uniform Trade Secrets Act, conversion, fraud, tortious interference with existing contractual relationship, and common law unfair competition. Plaintiff has now moved to dismiss the counterclaims on the ground that they are barred under the doctrine of res judicata as having been litigated as a final matter in the Mississippi state litigation. (Pl.'s Mot. to Dismiss Defs.' Countercls. (Doc. 21) at 1.) For substantially the same reasoning articulated by the Southern District of Mississippi, this court will grant Plaintiff's motion to dismiss the counterclaims filed by Defendants.

**II. ANALYSIS**

Plaintiff's Motion to Dismiss is grounded in the application of res judicata from a judgment issued in Mississippi state court. As both parties properly observed, a federal court must apply the res judicata principles of the state that entered the putative preclusive judgment. <u>Kremer v. Chemical Constr. Corp.</u>, 456 U.S. 461, 466 (1982) (noting that the principle of full faith and credit "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged"). In this case, evaluation of res judicata principles thus requires the application of Mississippi law.

Under Mississippi law, two requirements must be satisfied for res judicata to apply. First, the following four identities must exist: "(1) identity of the subject matter of the action; 2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." <u>EMC Mortg. Corp. v. Carmichael</u>, 17 So. 3d 1087, 1090 (Miss. 2009). Second, the party seeking application of res judicata must demonstrate that the "prior judgment [was] a final judgment that was adjudicated on the merits." <u>Id.</u>

Defendants do not appear to contend that the four identities are not present. Indeed, their response does not address the "identities" component of Mississippi state law at all. (See Defs.' Resp. (Doc. 26).) Nor do Defendants contend that the state court order entered by Judge Yerger was not a final judgment for res judicata purposes.[3] (Id.) This court agrees, noting that the factual allegations in this case, as in the state court litigation, center on the actions of the six engineers, and the parties remain identical.

Rather, Defendants' argument that res judicata should not serve to bar their counterclaims proceeds in two parts. Defendants contend first that res judicata does not apply in an instance in which the party seeking to relitigate did not have a "[f]ull and [f]air [o]pportunity to [l]itigate [i]ts [c]laims" in the first suit. (Id. at 10.) Second, Defendants argue, res judicata is not applicable as to "claims arising from conduct that occurred following the prior litigation." (Id. at 17.)

As to Defendants' first argument, determination of whether or not they had a full and fair opportunity to litigate in Mississippi state court, the Fourth Circuit has held that

---

[3] Judge Yerger's Final Judgment of Dismissal with Prejudice specifically states that his order dismissing the case with prejudice "constitutes a Final Judgment . . . in accordance with Rule 54(b) of the Mississippi Rules of Civil Procedure." (Pl.'s Mem. (Doc. 22-6) at 2)(emphasis added.)

- 7 -

"'state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full-faith-and-credit guaranteed by [the full faith and credit statute].'" Lee v. Winston, 717 F.2d 888, 894 (4th Cir. 1983) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481 (1982)). The court in Lee did determine that Lee was denied procedural fairness, noting that "despite several pleas for continuance, he was given insufficient time in the state court proceedings to prepare an important and technically complex issue on constitutional dimension." (Id. at 896.) No such insufficiency exists here. As stated by the Southern District of Mississippi in reviewing the same Mississippi state court litigation between these parties,

> [A] review of the docket . . . shows that Defendants were given a reasonable opportunity to litigate the motion to dismiss that was filed in that case. Although Defendants argue that Judge Yerger denied their request(s) for an evidentiary hearing on the motion to dismiss, they have not cited any Mississippi law or rule of court to show that Judge Yerger was required to conduct such hearing and/or that they were entitled to such hearing before the motion was decided.

(Pl.'s Suggestion of Subsequently Decided Authority, Attach. (Doc. 28-1) at 6-7.) This court finds that Defendants were

afforded a "full and fair opportunity" to litigate their claims in Mississippi state court, despite the litany of procedural irregularities stemming from Judge DeLaughter's resignation, Judge Yerger's appointment of a Special Master, and the subsequent dismissal of the case with prejudice.  The state procedure, though unusual, does not run afoul of the Fourteenth Amendment's guarantee of notice and an opportunity to be heard.  As a result, lack of an opportunity to litigate the underlying claim does not serve as a bar to the application of res judicata in this case.

This court turns to the second argument, that Defendants' counterclaims are not barred by res judicata as to "claims arising from conduct that occurred following the prior litigation."  (Defs.' Resp. (Doc. 26) at 17.)  Defendants cite a number of cases from other circuits alongside the proposition that "res judicata bars only those claims 'in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in earlier action.'" (Id. at 18 (quoting Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992)).

This court is not persuaded by Defendants' theory of "continuing claims," finding instead that the counterclaims at issue here are indeed based on facts and violations "in

- 9 -

existence at the time the original complaint was filed," that is, the alleged misappropriation of technical information at the time of the original complaint in the state suit.  Again, this court is bound to apply the law of the state of Mississippi in its res judicata analysis.  That law prevents a reviewing court from "revisit[ing] adjudicated claims and all grounds for, or defenses to recovery that were available to the parties in the first action, regardless of whether they were asserted or determined in the prior proceeding."  Carmichael, 17 So. 3d at 1090.  At least some of the claims at issue in the Mississippi state litigation were based on alleged continuing use of Eaton information by the six engineers.  (See Pl.'s Mem., Ex. A (Doc. 22-1) ¶ 115) (alleging that Frisby "had available in early 2002, [and] still have and are actively using Eaton Aerospace's engineering design database and product specifications to design, manufacture and sell aeronautical hydraulics products in competition with [Eaton]").  As a result, this court does not view the instant counterclaims as new assertions not subject to res judicata.

This court does not find that Defendants were unable to fully litigate their claims in state court, nor that the instant counterclaims are based on information that could not have been alleged in that suit.  As such, all of Defendants' counterclaims

- 10 -

are subject to res judicata analysis. Having determined that the four identities necessary for applying res judicata are satisfied, and that the underlying dismissal order constitutes a final judgment that was adjudicated on the merits, this court finds that Plaintiff's Motion to Dismiss should be granted.

### III. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. 21) is **GRANTED** and that the Counterclaims filed in this case are hereby dismissed without prejudice. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 30th day of September, 2013.

/s/ William L. Osteen, Jr.
United States District Judge